UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>TERESA JEAN MOORE,<br>        Debtor.<br><br>TERESA JEAN MOORE, et al.,<br>        Appellant(s),<br>    v.<br>JOHN NELSON SPADARO,<br>        Appellee(s). | Case No. 5:17-cv-03760-EJD<br><br>**ORDER GRANTING APPELLEE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

In this appeal from bankruptcy court proceedings, presently before the court is a Motion to Dismiss filed by Appellee Randall Edward Kay. Dkt. No. 12. Appellants Teresa Jean Moore and Jennifer Lauren Moore did not file written opposition to this motion, despite being served with it by mail. Accordingly, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). This motion will be granted for the following reasons.

Appellee notes in his motion that Appellants failed to file an opening brief within the time permitted by the scheduling order (Dkt. No. 2), and failed to obtain an extension of that deadline. This deficiency, along with lack of any written opposition to this motion, raises the issue of whether this action should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Federal Rule of Bankruptcy Procedure 8003(a)(2). See Ferdik v. Bonzelet,

Case No.: 5:17-cv-03760-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS
1

963 F.2d 1258, 1260 (9th Cir. 1992). A failure to file an opposition to a motion to dismiss as required by this district's local rules can constitute grounds for dismissal under Rule 41(b). See Espinosa v. Washington Mut. Bank, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). In addition, [a]n appellant's failure to take any step other than the timely filing of a notice of appeal . . . is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having carefully considered the relevant factors, the court concludes they favor the dismissal of the action. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This factor is particularly compelling under these circumstances given Appellants' repeated failures to comply with deadlines, and the lack of a timely opening brief or opposition to this motion to dismiss, which motion was filed and served over two months ago. It therefore appears to the court that Appellants no longer wish to pursue this action.

The second factor also tips the balance in favor of dismissal. The court must be able to manage its docket "without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642; see also Ferdik, 963 F.2d at 1261 (noting that a litigant's non-compliance with rules and orders diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). Here, this is merely one of a collection of actions commenced by Appellants in which they have routinely failed to observe procedure, requiring the

Case No.: 5:17-cv-03760-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS
2

1  court to intervene simply to get the actions ready for a decision on the merits.

2  Similarly, the third factor weighs strongly in favor of dismissal. Appellants have offered no explanation for their failure to file a timely opening brief or an opposition to this motion; thus, the court can discern no unique species of prejudice to Appellants outside of the dismissal of this case, whereas the cost to Appellee in monitoring a never-ending inactive action is obvious. See Espinosa, 2011 WL 334209, at *2.

As to the fourth factor, the court has considered whether to issue an order to show cause prior to dismissal. But since (1) Appellants have demonstrated a pattern of non-compliance, (2) Appellants were notified of the appellate briefing deadlines early on this case, and (3) Appellants were served with this motion by mail over two months ago, the court finds it unnecessary and inequitable to permit Appellants yet another opportunity to respond to the same deficiencies identified in the motion to dismiss.

For the fifth factor, though the public policy favoring disposition of cases on their merits often weighs against dismissal, it is overridden here by the cumulative weight of the preceding four factors. See Pagtalunan, 291 F.3d at 643 (affirming dismissal of action where three of the five factors weighed in favor of that result).

Based on the foregoing, Appellee's unopposed Motion to Dismiss is GRANTED, and this action is DISMISSED for failure to prosecute under Federal Rules of Civil Procedure 41(b) and Federal Rule of Bankruptcy Procedure 8003(a)(2).

The hearing scheduled for August 23, 2018, is VACATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 17, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03760-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS
3